# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

## INTRODUCTION

I, Special Agent Michael McLaurine, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since May 2021. I am currently assigned to Louisville Field Division, Group V. Prior to becoming a Special Agent, I have approximately 10 years of previous law enforcement experience. Previously I was a law enforcement officer with the Louisville Metro Police Department in Louisville, Kentucky. As a local law enforcement officer, I was a patrol officer between the years of July 2011-February 2016. As a patrol officer, I performed the duties of responding to reports of crimes and criminal activity, documented reports of personal and property damage, and enforced state laws, city laws and city ordinances. As a patrol officer I effected multiple arrests of varying Kentucky Revised Statutes. After my time as a patrol officer, and immediately prior to taking a position with the Bureau of Alcohol, Tobacco, Firearms and Explosives, I was a homicide detective with the Louisville Metro Police Department between the years of February 2016-May 2021. During my time as a Homicide Detective my duties included investigating death investigations (suspicious deaths, suicides, overdoses, natural deaths), as well as investigating cases involving the death of one by another (homicide). In 2018, in conjunction to my homicide detective duties I was deputized as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives. My duties would include assisting homicide detectives, division detectives, and patrol officers with the identification and tracking of National Integrated Ballistic Information Network (NIBIN) leads. While being a sworn law enforcement officer I have used techniques including but

not limited to, drafting and execution of search warrants on residences, mobile phones, analyzing data obtained, drafting and execution of search warrant to mobile phone companies to obtain data and records, drafting and execution of search warrant for reverse geospatial data, and phone pings.

**OFFENSES BEING COMMITTED**

2. I make this affidavit in support of the issuance of a criminal complaint charging Ishia REYES with the offenses of Distribution of Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Possession of a Firearm by a Prohibited Person, in violation of Title 18, United States Code, Section 922(g)(1).

3. The information contained in this affidavit details a summary of the investigative efforts that led to the arrest of Ishia REYES and is based on my personal involvement in the investigation, my training and experience, and information provided to me by other law enforcement officers. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to support the issuance of the requested criminal complaint.

**FACTS ESTABLISHING PROBABLE CAUSE**

4. On or about and between August of 2021, and August 4, 2022, members of law enforcement, including the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), investigated various members and associates of a local street gang, known as the Victory Park Crips. During the course of and as part of the investigation, members of the ATF, including your affiant, and other law enforcement, conducted a lengthy investigation into Ishia REYES ("REYES") and others.

5. On or about May 20, 2022, your affiant and other law enforcement utilized a reliable confidential informant ("CI")[1] to make a controlled purchase of more than fifty (50) grams or more of methamphetamine from Ishia REYES. Prior to the controlled purchase, the informant was equipped with recording equipment and checked for contraband with negative results. At approximately 1521 hours, the CI met with REYES and provided REYES pre-approved, pre-recorded United States currency in exchange for methamphetamine. Law enforcement conducted surveillance of the controlled buy and observed REYES conduct the transaction. Additionally, subsequent review of the recording of the transaction confirmed that it was REYES. Following the completion of the controlled purchase, the CI met with law enforcement and gave the methamphetamine to your affiant. The suspected methamphetamine was ultimately tested by the Drug Enforcement Administration ("DEA") laboratory and found to contain approximately 74.97 grams of actual methamphetamine.

6. On or about June 2, 2022, your affiant and other law enforcement utilized the reliable confidential informant to make a controlled purchase of more than fifty (50) grams or more of methamphetamine from Ishia REYES. Prior to the controlled purchase, the informant was equipped with recording equipment and checked for contraband with negative results. Between approximately 1339 and 1342 hours, the CI met with REYES and provided REYES pre-approved, pre-recorded United States currency in exchange for methamphetamine. Law enforcement conducted surveillance of the controlled buy and observed REYES conduct the transaction. Additionally, subsequent review of the

---

[1] The CI was cooperating with the ATF in exchange for consideration on potential charging decisions and ultimately for financial compensation. During the course of this investigation, the CI's information was corroborated by law enforcement and found to be reliable.

recording of the transaction confirmed that it was REYES. Following the completion of the controlled purchase, the CI met with law enforcement and gave the methamphetamine to your affiant. The suspected methamphetamine was ultimately tested by the DEA laboratory and found to contain approximately 85.42 grams of actual methamphetamine.

7. On or about August 2, 2022, a Federal Grand Jury indicted[2] Reyes, and others, for one count of conspiracy to possess with intent to distribute methamphetamine and multiple counts of distribution of methamphetamine.

8. On or about August 4, 2022, ATF Special Agents executed an arrest warrant for REYES at a residence located at 7103 Betsy Ross Road, Louisville, Kentucky 40272. During the execution of the arrest warrant, Agents observed REYES exit a bathroom inside the residence and, in plain view, what appeared to be, based on their training and experience, a large quantity of narcotics inside the toilet of the bathroom REYES exited[3]. Based on their observations, training, and experience, Agents secured the residence and obtained a federal search warrant for 7103 Betsy Ross Road, Louisville, Kentucky 40272. During the search of the residence made pursuant to the federal search warrant, Special Agents located a Glock, model 19, 9mm handgun, bearing serial number BSWW788, between the mattress and box spring in a bedroom. In that same bedroom, Special Agents located a wallet containing REYES' identification and bank cards and an envelope with REYES' name on it. Based on my training and experience, residents frequently maintain personal identification and other documents in their bedroom. There was one other adult female, "T.L," in the home at the time of the arrest and subsequent search. However, additional

---

[2] United States v. Sansareya Reyes, et al, 3:22-CR-79-CRS (later transferred to Judge Rebecca Grady Jennings, becoming – RGJ).

[3] Subsequent testing by the DEA laboratory confirmed the substance located in the toilet contained methamphetamine.

investigation determined that the firearm was originally purchased by a second female, "K.S.," who was known to your affiant to have been in a relationship with REYES and shares a child with REYES.

9. A Special Agent with the ATF subsequently determined the firearm was manufactured outside the Commonwealth of Kentucky.

10. REYES is a convicted felon and is therefore prohibited from possessing firearms. Specifically, on or about May 14, 2015, REYES was convicted in Jefferson Circuit Court, in Case Number 14-CR-0174-001, of Robbery in the Second Degree, Assault in the Second Degree, Enhanced Possession of a Controlled Substance – 1st Degree – 1st Offense – Cocaine, Enhanced Possession of a Controlled Substance -1st Degree – 1st Offense – Heroin, and Enhanced Possession of Drug Paraphernalia. Additionally, on or about May 14, 2015, in Jefferson Circuit Court, in Case Number 14-CR-1542, REYES was convicted of the offenses of Promoting Contraband – 1st Degree and Possession of a Controlled Substance – 1st Degree – 1st Offense – Cocaine.

11. On October 17, 2025, the Honorable Judge Rebecca Grady Jennings issued a Memorandum Opinion Order dismissing the indictment against REYES, only, *without prejudice*.[4]

**<u>CONCLUSION</u>**

12. Based on the evidence gathered in this investigation, your affiant believes there is probable cause to arrest Ishia REYES and charge him with the offenses of Distribution of Controlled Substances in violation of Title 21, United States Code, Sections 841(a)(1),

[4] See, U.S. v. Reyes, et al, 3:22-CR-79-RGJ, DN 208.

841(b)(1)(A), and 846, and Possession of a Firearm by a Prohibited Person, in violation of Title 18, United States Code, Section 922(g)(1).

Respectfully Submitted,

*/s/ Michael McLaurine*

______________________________

Michael McLaurine
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed to and sworn to by telephone or other reliable electronic means this __**17**__ day of **October, 2025**

______________________________
Regina S. Edwards
United States District Magistrate Judge
Western District of Kentucky